UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ANDRE NOISETTE,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Civil Action No. 11-1594 (RWR)
                               )
JACOB LEW,                     )
                               )
    Defendant.                 )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Andre Noisette, an African-American man, brings this action against the Secretary[1] of the United States Department of the Treasury ("Treasury") alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Treasury moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment under Federal Rule of Civil Procedure 56, for failure to exhaust administrative remedies. Because Noisette exhausted his administrative remedies before filing this civil action, Treasury's motion will be denied.

### BACKGROUND

The facts of this case are set forth in Noisette v. Geithner, 693 F. Supp. 2d 60 (D.D.C. 2010). Briefly, Noisette

---

[1] Jacob Lew is substituted as the defendant under Federal Rule of Civil Procedure 25(d).

-2-

was a management official in the Criminal Investigation Division ("CID") of Treasury's Internal Revenue Service.  Id. at 62.  Noisette alleges that he engaged in protected equal employment opportunity ("EEO") activity and was later retaliated against by not being selected for a vacant supervisory position.  Id. at 62-63.  In December 2007, Noisette filed a formal discrimination complaint with the Treasury's EEO office.  Id. at 63.  In September 2008, Treasury issued a Final Agency Decision ("FAD") on Noisette's formal administrative complaint, and, on October 29, 2008, Noisette appealed the FAD to the Equal Employment Opportunity Commission's ("EEOC's") Office of Federal Operations ("OFO").  Id.  "[B]efore the OFO ruled on his appeal, Noisette filed a request to withdraw it.  On January 15, 2009, OFO granted Noisette's request, but not before Noisette filed [a civil] action on December 29, 2008."  Id. (internal citations omitted).  Treasury, in turn, moved to dismiss the complaint.  Id.

Treasury's motion was granted because Noisette had failed to exhaust his administrative remedies.  A complainant "may bring a civil action in a United States District Court '[w]ithin 90 days of receipt of the Commission's final decision on an appeal' or '[a]fter 180 days from the date of the filing of an appeal . . . if there has been no final decision by the Commission.'"  Id. at 67 (alterations in original) (quoting 29 C.F.R. § 1614.407(c),

-3-

(d)). Noisette, however, had filed his civil complaint 23 days after he filed his FAD appeal and "did not wait to receive a final decision on his appeal from OFO or wait 180 days from the date he filed his appeal to bring [that] action." Id. at 68. The court explained that "Noisette [would] be allowed to file a new complaint after the OFO . . . attempted to resolve his charge for the full 180 days[,]" id. at 69, but that he would have to "wait 180 days from the filing of his appeal or file his complaint anew within 90 days from when the OFO issues a final decision." Id. at 69 n.2.

Noisette's counsel promptly sent a letter to the OFO "request[ing] that [Noisette's] appeal to the Office of Federal Operations be reinstated so that OFO can 'conduct[] a de novo review' of the Final Agency Decision issued by the Department of the Treasury." Def.'s Mot. to Dismiss or, Alternatively, for Summ. J. ("Def.'s Mot."), Ex. 5 (Letter from Robert C. Seldon, Robert C. Seldon & Associates, P.C., to Director, Office of Federal Operations, U.S. Equal Employment Opportunity Commission (Mar. 22, 2010)) (third alteration in original) (quoting Noisette, 693 F. Supp. 2d at 69 n.2). Although the OFO received the letter, the OFO "did not respond substantively" to Noisette. Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Pl.'s Opp'n"), Pl.'s Stmt. of Genuine Issues ¶ 19; see also Def.'s Mot., Mem. of P. & A. in Supp. of

-4-

Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mem.") at 3 ("The Commission never responded to or otherwise acted on Plaintiff's letter."). Noisette waited over 180 days after requesting that his appeal be reinstated, and then filed this civil action. Treasury now moves to dismiss Noisette's complaint arguing that Noisette failed to exhaust his administrative remedies because the OFO "'has [not] attempted to resolve [Noisette's] charge for [a] full 180 days.'" Def.'s Mem. at 1-2 (quoting Noisette, 693 F. Supp. 2d at 69).

## DISCUSSION

"Title VII '[c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court.'" Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir. 2010) (alterations in original) (quoting Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997)). However, Title VII's "time-filing requirements are not jurisdictional prerequisites to suit[.]" Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985); accord Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). If a plaintiff does not timely exhaust his administrative remedies before filing a Title VII action, his claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Noisette, 693 F. Supp. 2d at 65.

> In the D.C. Circuit, it is clear that "because untimely exhaustion of administrative remedies is an affirmative

>  defense, the defendant bears the burden of pleading and proving it. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense."

Jones v. Ashcroft, 321 F. Supp. 2d 1, 12 (D.D.C. 2004) (quoting Bowden, 106 F.3d at 437).

A district court can dismiss a complaint under Rule 12(b)(6) when the defendant shows that the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). However, "[w]hen 'matters outside the pleadings are presented to and not excluded by the court' on a motion to dismiss under Rule 12(b)(6), 'the motion must be treated as one for summary judgment.'" Highland Renovation Corp. v. Hanover Ins. Grp., 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)). Since both parties rely on materials outside the pleadings,[2] the motion to dismiss will be treated as a motion for summary judgment. Summary judgment may be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009).

It is undisputed that Noisette promptly returned to the OFO to pursue his administrative appeal as this court allowed him to do. But Treasury has not demonstrated that it is entitled to

---

[2] See, e.g., Pl.'s Opp'n, Decl. of Robert C. Seldon, Esq.; Def.'s Mot., Decl. of Mariam Harvey.

-6-

judgment as a matter of law. Treasury argues that Noisette has not satisfied the 180-day waiting period because the OFO did not affirmatively reinstate or otherwise attempt to resolve the appeal. Def.'s Mem. at 8. Treasury attempts to distinguish between Noisette's request that the OFO reinstate his appeal and an affirmative action of reinstatement by the OFO, asserting that the "OFO must reinstate the appeal that Plaintiff previously withdrew because the time to appeal the FAD . . . otherwise has long since expired." Id. As there has been no such affirmative action by the OFO, rather, there has been only silence "indicat[ing] that [the OFO] views [Noisette's initial] withdrawal of the appeal as an abandonment . . . of his claim[,]" Treasury argues that the 180-day waiting period has not tolled and Noisette has again failed to exhaust his administrative remedies. Id. at 9.

    Treasury does not identify any legal authority that Noisette must demonstrate that the OFO actually considered his appeal to exhaust his administrative remedies. To the contrary, Hill v. Washington Metropolitan Area Transit Authority, 231 F. Supp. 2d 286 (D.D.C. 2002), rejected a similar argument. There, the plaintiffs attempted to remedy a prematurely filed civil suit by requesting that the EEOC renew consideration of their charges. After waiting for the full 180-day period to run, the plaintiffs refiled their civil suit. Id. at 293-94. Relying on Martini v.

-7-

Federal National Mortgage Association, 178 F.3d 1336 (D.C. Cir. 1999), Judge Walton rejected the defendants' argument that the 180-day waiting period had not tolled because the EEOC did not affirmatively consider the charges and held that the plaintiffs were not required to do anything more than request that the EEOC begin consideration of their charges anew.  Hill, 231 F. Supp. 2d at 293-94; see also Jones, 321 F. Supp. 2d at 10-12 (relying on Hill and Martini in analyzing an exhaustion claim where the plaintiff previously filed an administrative appeal).  Similarly, once Noisette requested that the OFO reinstate his appeal and waited for the 180-day period to toll, he "did all that is required by Title VII."  Hill, 231 F. Supp. 2d at 294.

Further, the D.C. Circuit has encouraged that "the application of Title VII's procedural requirements be 'animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination.'"  Williams v. Wash. Metro. Area Transit Auth., 721 F.2d 1412, 1418 (D.C. Cir. 1983) (quoting Coles v. Penny, 531 F.2d 609, 616 (D.C. Cir. 1976)).  Moreover, allowing the OFO to indefinitely delay a claimant's complaint by refusing to affirmatively reinstate an appeal would not comport with Congress's purpose for enacting timelines in Title VII.  For example, after a Title VII claim is filed with the EEOC, "an aggrieved party may sue under Title VII if the Commission dismisses the charge or if it neither sues the

-8-

respondent nor reaches an acceptable conciliation agreement within 180 days after the filing of the charge." Martini, 178 F.3d at 1342 (citing 42 U.S.C. § 2000e-5(f)(1)). "'The 180-day provision is designed to make sure that the person aggrieved does not have to endure lengthy delays . . . [and it] allows the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction[.]'" Id. at 1345 (quoting 118 Cong. Rec. 7168 (1972)).

OFO's inaction cannot be utilized as an affirmative defense to prevent Noisette from advancing his claim. Noisette has satisfied the 180-day waiting period and thus has exhausted his administrative remedies.

## CONCLUSION AND ORDER

Treasury has not shown that it is entitled to judgment as a matter of law on Noisette's complaint. Accordingly, it is hereby

ORDERED that the defendant's motion [6] to dismiss or, alternatively, for summary judgment, be, and hereby is, DENIED.

SIGNED this 30th day of March, 2013.

                                                 /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge