**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDRE NOISETTE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JACOB L. LEW,**<br>**Secretary of the Treasury,**[1]<br><br>**Defendant.** | **Civil Action No. 08-2237 (RWR)** |

# ANSWER

Defendant Jacob L. Lew, Secretary of the Treasury, by and through counsel, the United States Attorney's Office for the District of Columbia, respectfully submits the following Answer to Plaintiff's Complaint:

## First Defense

Plaintiff fails to state a claim upon which relief may be granted.

## Second Defense

Plaintiff has failed to exhaust his administrative remedies concerning one or more of his claims.

## Third Defense

Plaintiff cannot establish that any alleged adverse action taken by the Defendant was because of a desire to retaliate against Plaintiff for his participation in a protected activity.

[1] Pursuant to Fed. R. Civ. P. 25(d), former Treasury Secretary Timothy E. Geithner is now replaced by Secretary Jacob L. Lew, as the federal government defendant in this case.

Fourth Defense

Plaintiff cannot establish a causal connection between any alleged adverse action taken by the Defendant and Plaintiff’s participation in protected activity.

Fifth Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

Sixth Defense

Plaintiff fails to make out a prima facie case of discrimination or retaliation as to one or more of his claims.

Seventh Defense

Plaintiff has failed to mitigate his damages.

Eighth Defense

Plaintiff was not subject to any adverse action by Defendant.

Ninth Defense

Defendant's actions with respect to Plaintiff were unrelated to his race and/or any other prohibited reason; Defendant would have taken the same actions with respect to Plaintiff regardless of his race or alleged protective activity.

Tenth Defense

With respect to the numbered paragraphs of the Complaint, Defendant responds as follows:

COMPLAINT

1. This is a summary paragraph generally characterizing Plaintiff's lawsuit that requires no response. To the extent a response is deemed required, Defendant admits that Plaintiff is an African American male and was employed in the Office of Criminal Investigation (CI), Internal Revenue Service (IRS). Footnote No. 1 characterizes the procedural history of this case, to which a response is not necessary. Defendant denies the remaining allegations or characterizations of this paragraph and Footnote No. 1.

2. This is a summary paragraph generally characterizing Plaintiff's career with the IRS that requires no response. To the extent that a response is deemed required, Defendant admits that Plaintiff had served as a Special Agent, Supervisory Special Agent and as a Senior Regional Analyst, CI, but denies all other allegations or characterizations in this paragraph of the complaint.

3. Defendant admits that, as directed by his former supervisor, Plaintiff obtained training records for new hires and participated in a meeting with Chicago field office management to discuss the allegations of discrimination made by a probationary employee of that office, but denies all other allegations or characterizations in this paragraph of the complaint.

4. Defendant admits that Plaintiff's former supervisor filed the referenced civil action, but denies all other allegations or characterizations in this paragraph of the complaint.

5. This is a summary paragraph generally characterizing Plaintiff's lawsuit that requires no response. To the extent a response is deemed required, Defendant admits that Plaintiff's non-competitive selection was cancelled after Plaintiff indicated that he wanted to compete for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

6. This is a summary paragraph generally characterizing Plaintiff's lawsuit that requires no response. To the extent a response is deemed required, Defendant admits that, after competition, Plaintiff was not selected for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

7. This is a summary paragraph generally characterizing Plaintiff's efforts to obtain redress that requires no response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to redress.

8. Defendant admits that Plaintiff was employed in the Office of Criminal Investigation, at the IRS. Except for this specific admission, Defendant is without sufficient information to state exactly where Plaintiff resides, that Plaintiff no longer works for Defendant, and Defendant does not admit Plaintiff's characterizations in this paragraph of the complaint.

9. Admitted. Pursuant to Fed. R. Civ. P. 25(d), the proper named-defendant is "Jack Lew, Secretary of the Treasury."

10. This paragraph contains a legal conclusion concerning jurisdiction requiring no response. To the extent that a response is deemed required, Defendant admits jurisdiction and venue, although Plaintiff's employment was in the State of Maryland. Defendant denies the remaining allegations of this paragraph.

11. Defendant admits the allegations concerning Plaintiff's race and employment. The remaining allegations constitute legal conclusions requiring no response. To the extent that a response is deemed required, Defendant denies that Plaintiff's allegations involve "protected EEO activities," "adverse employment actions," or "materially adverse employment actions."

12. Defendant admits the allegations in this paragraph.

13. This is a summary paragraph generally characterizing Plaintiff's career with the IRS that requires no response. To the extent that a response is deemed required, Defendant admits that Plaintiff served as a Supervisory Special Agent during the period alleged, but denies all other allegations or characterizations in this paragraph of the complaint.

14. This is a summary paragraph generally characterizing Plaintiff's career with the IRS that requires no response. To the extent that a response is deemed required, Defendant admits that Plaintiff was hired by Defendant in January, 1983 as a Student Trainee, became a Special Agent in 1988, a Supervisory Special Agent in 2000 and a Senior Analyst in or around 2004, but denies all other allegations or characterizations in this paragraph of the complaint.

15. Defendant admits allegations of Plaintiff's employment, but denies the allegations that he was involved in "protected EEO activity."

16. Defendant admits the allegation concerning Plaintiff's job title, but Defendant is without sufficient knowledge or information to confirm the details of Plaintiff's specific duties.

17. Defendant admits the names and titles of the supervisors listed but denies the remaining allegations or characterizations of this paragraph.

18. Defendant admits that Plaintiff, at times, has received high ratings, salary increases, and bonuses during his career, but denies all other allegations or characterizations in this paragraph of the complaint.

19. Plaintiff's allegations in Paragraphs 19 – 27 involve a non-litigating employee's EEO pre-complaint and may contain Privacy Act protected information that possibly should not be

disclosed in a filing on the public docket. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations and characterizations concerning the specific details of the non-litigant employee's complaint set forth in this paragraph of the complaint.

20. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations or characterizations concerning the details of the non-litigant employee's complaint set forth in this paragraph of the complaint.

21. Defendant admits that Mr. Barney directed Plaintiff to gather training progress reports. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the details of what Mr. Barney directed him to do.

22. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the specific details of what actions, if any, Plaintiff took to review or "determin[e] the validity" of the non-litigant employee's allegations. Defendant denies that senior CID officials were aware of Plaintiff's specific "role and actions," except that some of these officials may have been informed that Plaintiff had gathered training records and had attended a meeting with Chicago field office management in which the non-litigating employee's allegations of discrimination were discussed.

23. Defendant admits that Mr. Barney directed the Plaintiff to attend a meeting on or about March 26, 2006, and that the listed individuals also attended, but Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations or characterization regarding the specific details of the meeting in this paragraph of the complaint.

24. Defendant admits that the substance of Plaintiff's comments was that the non-litigating employee was treated disparately in regards to training opportunities. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's remaining allegations regarding the specific details of what he allegedly stated during the meeting or what impact these statements may have had upon Mr. Barney's conclusions or any direction Mr. Barney may have given to local management.

25. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding obtaining additional training records, any discussion Plaintiff may have had with Mr. Barney, or any impact those discussions may have had on Mr. Barney's actions in regards to the non-litigating employee's complainant. Defendant admits Mr. Barney's role in settling the non-litigant employee's lawsuit, the May 2006 date of the settlement, and the general terms of the settlement, but denies Plaintiff's characterizations and allegations of discrimination and his characterization of the relocation amount.

26. Defendant admits that Mr. Christopher Pikelis sent an email on May 24, 2006, objecting to certain provisions of the settlement agreement signed by Mr. Barney, and that the settlement agreement was attached. Defendant denies the remaining allegations or characterizations of this paragraph.

27. Defendant admits that the settlement agreement was voided and another settlement agreed was entered into on October 24, 2006. Defendant admits that Mr. Barney was reassigned to a Project Leader position, which had unclassified duties at the time, and that he was proposed to be suspended without pay for thirty calendar days. Defendant further admits that Mr. Barney filed the referenced civil action in relation to his claims of discrimination. Except for the

specific admissions, Defendant denies the remaining allegations or characterizations of this paragraph.

28. Defendant admits the allegations of this paragraph of the complaint, but denies that non-competitively selected employees would receive a onetime 10% pay increase upon their entry into a pay-banded position.

29. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

30. Defendant admits that Plaintiff was selected for the SSA position and further admits he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

31. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the specific details of his initial non-competitive selection for the SSA position.

32. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the specific details of his initial non-competitive selection for the SSA position.

33. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the specific details of his initial non-competitive selection for the SSA position.

34. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations regarding the specific details of his initial non-competitive selection for the SSA position.

35. Defendant denies the allegations in this paragraph.

36. Defendant admits that Mr. Imhoff asked Mr. Barney to direct Plaintiff not to incur relocation expenses and to offer Plaintiff the choice of either accepting a non-competitive reassignment (without the 10% increase) or competing for the position, including participating in an interview. Except for the specific admissions, Defendant denies the remaining allegations or characterizations of this paragraph.

37. Defendant denies the allegations or characterizations of this paragraph, except to admit that Plaintiff was offered (but he rejected) the option of a non-competitive reassignment into the SSA position.

38. Defendant admits that Plaintiff was interviewed and met all the basic qualifications for the SSA position, and Plaintiff was not selected for the position. Defendant denies the remaining allegations or characterizations of this paragraph.

39. Defendant admits that the selectee, Mr. Tronosco, is Hispanic, does not have a prior EEO activity and does not have similar supervisory experience as Plaintiff. Defendant denies the remaining allegations or characterizations of this paragraph.

40. This paragraph describes the procedure that Plaintiff took to initiate his complaint, to which a response is not necessary. To the extent a response is required, Defendant admits as to the procedural process that Plaintiff took to initiate his informal complaint.

41. This paragraph describes the procedure that Plaintiff took to initiate his complaint, to which a response is not necessary. To the extent a response is required, Defendant admits as to the procedural process that Plaintiff took to file his complaint. Defendant denies all other allegation or characterizations in this paragraph.

42. Defendant admits to the allegations in this paragraph.

43. Defendant admits that this paragraph describes the procedure in this case. Defendant all other characterizations in this paragraph.

44. The allegations of this paragraph constitute legal conclusions that require no response. To the extent that a response is deemed required, Defendant denies the allegations of this paragraph.

COUNT I

(Race Discrimination – Pretext)

45. Defendant repeats the responses to paragraphs 1 through 44 above, as though fully set forth here.

46. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

47. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

48. Defendant denies the allegations in this paragraph.

49-52. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 49 through 52.

COUNT II

(Race Discrimination – Mixed Motive)

53. Defendant repeats the responses to paragraphs 1 through 52 above, as though fully set forth here.

54. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

55. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

56. Defendant denies the allegations in this pargraph.

57-60. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 57 through 60.

COUNT III

(Retaliation – Opposition/Participation - Pretext)

61. Defendant repeats the responses to paragraphs 1 through 60 above, as though fully set forth here.

62. Defendant denies the allegations or characterizations of this paragraph, except to admit that, in the spring of 2006, Plaintiff gathered training records for his supervisor, Mr. Barney, and

attended a meeting with Chicago field office management in which this information was discussed.

63. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

64. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

65. Defendant denies the allegations in this pargarph.

66-69. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 66 through 69.

COUNT IV

(Retaliation – Opposition/Participation – Mixed Motive)

70. Defendant repeats the responses to paragraphs 1 through 69 above, as though fully set forth here.

71. Defendant denies the allegations or characterizations of this paragraph, except to admit that, in the spring of 2006, Plaintiff gathered training records for his supervisor, Mr. Barney, and attended a meeting with Chicago field office management in which this information was discussed.

72. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

73. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

74. Defendant denies the allegations in this paragraph.

75-78. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 75 through 78.

COUNT V

(Race Discrimination - Pretext)

79. Defendant repeats the responses to paragraphs 1 through 78 above, as though fully set forth here.

80. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

81. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase

82. Defendant admits that after Plaintiff chose not to accept his non-competitive reassignment to the SSA position and to compete for the position, Plaintiff's non-competitive selection was rescinded. Defendant denies the remaining allegations or characterizations of this paragraph.

83. Defendant admits that Plaintiff was interviewed on or around October 10, 2006 and that he met the basic qualifications for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

84. Defendant denies the allegations in this paragraph.

85-88. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 85 through 88.

COUNT VI

(Race Discrimination – Mixed Motive)

89. Defendant repeats the responses to paragraphs 1 through 88 above, as though fully set forth here.

90. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

91. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

92. Defendant admits that after Plaintiff chose not to accept his non-competitive reassignment to the SSA position and to compete for the position, Plaintiff's non-competitive selection was rescinded. Defendant denies the remaining allegations or characterizations of this paragraph.

93. Defendant admits that Plaintiff was interviewed on or around October 10, 2006, and that he met the basic qualifications for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

94. Defendant denies the allegations in this pargarph.

95-98. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 95 through 98.

COUNT VII

(Retaliation – Opposition/Participation - Pretext)

99. Defendant repeats the responses to paragraphs 1 through 98 above, as though fully set forth here.

100. Defendant denies the allegations or characterizations of this paragraph, except to admit that, in the spring of 2006, Plaintiff gathered training records for his supervisor, Mr. Barney, and attended a meeting with Chicago field office management in which this information was discussed.

101. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

102. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

103. Defendant admits that after Plaintiff chose not to accept his non-competitive reassignment to the SSA position and to compete for the position, Plaintiff's non-competitive

selection was rescinded. Defendant denies the remaining allegations or characterizations of this paragraph.

104. Defendant admits that Plaintiff was interviewed on or around October 10, 2006, and that he met the basic qualifications for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

105. Defendant denies the allegations in this paragraph.

106-109. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 106 through 109.

COUNT VIII

(Retaliation – Opposition/Participation – Mixed Motive)

110. Defendant repeats the responses to paragraphs 1 through 109 above, as though fully set forth here.

111. Defendant denies the allegations or characterizations of this paragraph, except to admit that, in the spring of 2006, Plaintiff gathered training records for his supervisor, Mr. Barney, and attended a meeting with Chicago field office management in which this information was discussed.

112. Defendant is without sufficient knowledge or information to confirm or deny Plaintiff's allegations as to the timing of this application. Defendant generally admits that Plaintiff met the basic qualifications for the position.

113. Defendant admits that Plaintiff was selected for the SSA position and further admits that he was selected with an incorrect understanding that he could be non-competitively reassigned and received a one-time 10% salary increase.

114. Defendant admits that after Plaintiff chose not to accept his non-competitive reassignment to the SSA position and to compete for the position, Plaintiff's non-competitive selection was rescinded. Defendant denies the remaining allegations or characterizations of this paragraph.

115. Defendant admits that Plaintiff was interviewed on or around October 10, 2006, and that he met the basic qualifications for the SSA position. Defendant denies the remaining allegations or characterizations of this paragraph.

116. Defendant denies the allegations in this paragraph.

117-120. These paragraphs contain legal conclusions that require no response, but to the extent that an answer is deemed required, Defendant denies the allegations of paragraphs 117 through 120.

## PRAYER FOR RELIEF

This section of Plaintiff's Complaint constitutes Plaintiff's Prayer for Relief and as such requires no response. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, the Defendant demands as follows:

1. Judgment in his favor and against Plaintiff;

2. For all costs incurred herein; and

3. For any and all relief to which it may appear to be entitled.

Dated: August 12, 2013.

Respectfully submitted,
RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: ______//s______________
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 514-8780
E-mail: John.Truong@usdoj.gov
On behalf of the Federal Defendant.

Of counsel:
Mr. Mark A. Wines, Esq.